UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

KENNETH L. JACOBS,                    )
                                      )
            Plaintiff,                )
                                      )
v.                                    )        No.:    3:23-CV-441-TAV-DCP
                                      )
KNOX COUNTY DETENTION                 )
CENTER,                               )
                                      )
            Defendant.                )

## MEMORANDUM OPINION

On December 4, 2023, Plaintiff filed a complaint under 42 U.S.C. § 1983 [Doc. 1]. On the same date, the Clerk entered (1) a Notice advising Plaintiff that he must either pay the filing fee or submit a completed application to proceed *in forma pauperis* [Doc. 2] and (2) a Notice requiring Plaintiff to notify the Clerk and the opposing party in writing of any change of address within 14 days of the address change occurring [Doc. 3]. In accordance with the Court's local rules, the Notice specifically advised Plaintiff that "[t]he failure of a pro se plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in the dismissal of the case or other appropriate action" [*Id*.]. *See* E.D. Tenn. L.R. 83.13.

On December 13, 2023, the Court received a motion for leave to proceed *in forma pauperis* that Plaintiff signed on December 10, 2023 [Doc. 4, p. 3]. But on December 27, 2023, the Court's Notice regarding Plaintiff's duty to keep the Court apprised of his address was returned to the Court as undeliverable, with the envelope bearing a notation that Plaintiff had been released on December 15, 2023 [Doc. 5]. A few days later, on January 2, 2024, the Court entered an Order noting a deficiency in Plaintiff's application to proceed *in forma*

*pauperis* and provided Plaintiff an opportunity to cure that deficiency [Doc. 6]. That Order was likewise returned to the Court with a notation on the envelope bearing the Order that it was undeliverable due to Plaintiff's release on December 15, 2023 [Doc. 7]. More than 14 days have passed since the Court's Notice was returned to the Court as undeliverable, and Plaintiff has not updated his address or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Court first finds that Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault, as he failed to update his address with the Court and follow the Court's local rules. Second, the Court finds Plaintiff's failure to comply with the Court's Order has not prejudiced Defendant, as no process has issued in this case. Third, this Court's local rules expressly warn that a pro se plaintiff's failure to update his or her address

can result in the dismissal of the case.  Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff is proceeding pro se in this action, and his address of record is invalid.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Notice and local rules, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff will be **ASSESSED**[1] the filing fee of $405.00, and this action will be **DISMISSED**.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] "Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint. . . is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

3